IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| Pamela G. Cowart, individually and on behalf of all others similarly situated, ) ) ) ) Plaintiff, ) ) No. 03 C 5341 v. ) ) David J. Axelrod & Associates, f/k/a ) Judge Manning Axelrod & Greenblatt, David J. Axelrod, ) Magistrate Judge Ashman individually, Wal-Mart Stores, Inc., and ) Sam's Club West, Inc., d/b/a Sam's Club ) CLASS ACTION ) Defendants. ) | FILED OCT 3 0 2003 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT DOCKETED OCT 3 1 2003 |

## NOTICE OF FILING

PLEASE TAKE NOTICE that on October 30, 2003, the undersigned counsel filed a *Response to Wal-Mart Stores, Inc. and Sam's Club West, Inc.'s Motion to Dismiss Count IV of Plaintiff's Complaint*, a copy of which is attached hereto and hereby served upon you.

Respectfully submitted,

By_____
One of Plaintiff's Attorneys

Lance A. Raphael
Stacy M. Bardo
Saul V. Modestas
The Consumer Advocacy Center, P.C.
180 West Washington, Suite 700
Chicago, IL 60602
(312) 782-5808

15

## CERTIFICATE OF SERVICE

I, Bryan Cudney, paralegal, hereby certify under penalties of perjury pursuant to 28 U.S.C. §1746 that I caused to be served on the following counsel of record the attached *Response to Wal-Mart Stores, Inc. and Sam's Club West, Inc.'s Motion to Dismiss Count IV of Plaintiff's Complaint* on October 30, 2003 by Fax and Regular Mail to:

Ms. Ruth A. Bahe-Jachna
Greenberg Traurig, P.C.
77 W. Wacker Dr., Suite 2500
Chicago IL 60601
**312-456-8435**

Ms. Terry D Weissman
Mr. Christopher Mickus
Neil, Gerber, and Eisenberg
2 N. LaSalle, Suite 2200
Chicago IL 60602
**312-269-1747**

Bryan Cudney - paralegal

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

Pamela G. Cowart, individually )
and on behalf of all others similarly situated, )
)
Plaintiff, )
) No. 03 C 5341
v. )
)
David J. Axelrod & Associates, f/k/a ) Judge Manning
Axelrod & Greenblatt, David J. Axelrod, ) Magistrate Judge Ashman
individually, Wal-Mart Stores, Inc., and )
Sam's Club West, Inc., d/b/a Sam's Club ) CLASS ACTION
)
Defendants. )

**FILED** OCT 30 2003
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT
DOCKETED OCT 31 2003

### RESPONSE TO WAL-MART STORES, INC. AND SAM'S CLUB WEST, INC.'S MOTION TO DISMISS COUNT IV OF PLAINTIFF'S COMPLAINT

**I. Introduction**

It is axiomatic that absent some legal authority to give away a person's property, it is unfair to unilaterally do so.[1] Here, Defendants' failure to abide by the established safeguards for due process -- *i.e.*, obtaining a court order prior to remittance of garnished wages -- is an unfair practice.

Simply put, Defendants made two "mistakes."[2] First, Wal-Mart[3] unfairly gave away Ms. Cowart's wages. Second, Wal-Mart misrepresented that it had the authority to do so without receiving instruction from the court.[4]

---

[1] Despite the fact that Wal-Mart knew the social security numbers of Plaintiff and the judgment debtor did not match, it gave Plaintiff's wages away anyway. *See* Exhibit A, Wal-Mart's Answer of Garnishee sent to Axelrod which states "The SS# you have provided is for a Pamela G. Cowart in our system please verify if this is correct." The Plaintiff in this case is Pamela G. Cowart and not the debtor, Pamela A. Cowart.

[2] Plaintiff takes great issue with material misstatements contained in Defendants' brief. Specifically, Wal-Mart asserts on page 3 of its brief, unsupported by any authority, that "After Wal-Mart satisfied itself that the information it has received from Axelrod ... was incorrect, Wal-Mart paid



Plaintiff cited to the wage garnishment provisions of the Illinois Code ("WGP") in her complaint <u>not</u> to establish a claim under that statute, but to illustrate that the only conceivable authority Wal-Mart could have relied upon to show its conduct was fair were those provisions. Plaintiff has plead that Defendants <u>did not</u> follow the statutory provisions governing wage garnishment and therefore, the representation that it could take Plaintiff's money and give it to Axelrod was false and deceptive.

Accordingly, this case is not about an unintended error, but rather, an intentional one. Although innocent misrepresentations are equally actionable under the Illinois Consumer Fraud and Deceptive Business Practices Act,[5] 815 ILCS 505/2, ("ICFA"), Defendant's protestations that it made an unintentional or "simple error" must be addressed. Wal-Mart remits employee wages to third parties without the requisite court order. The adage that "ignorance of the law is no excuse" expresses correctly the legal principal that one is presumed to know the law, and it is

---

Plaintiff the full amount that it had withheld from her wages pursuant to the Citation." This statement, clearly meant to convey Wal-Mart's conduct as "unintentional" is false. <u>See</u> <u>Exhibit B</u>, the check for Plaintiff's wages <u>not from Wal-Mart</u> but from Axelrod, after he was ordered by the state court to return Plaintiff's money. Further evidence of the fact that Wal-Mart's action was intentional are the actual citation forms it received, confirming that wages were not to be remitted until further court order. <u>See</u> <u>Exhibit C</u> hereto and attached to Plaintiff's complaint.

[3]     Defendants Wal-Mart Stores, Inc. and Sam's Club West, Inc. are hereinafter jointly referred to as "Wal-Mart."

[4]     Each time Wal-Mart informed its employees that it was turning over funds to a creditor's lawyer without having a court order in its possession constituted a material omission of fact.

[5]     *See Dwyer v. American Express Co.*, 273 Ill. App. 3d 742, 750 (1st Dist. 1995)(Actual reliance is not required because a party is considered to intend the necessary consequences of his own acts or conduct. When considering whether this element is met, good or bad faith is not important and innocent misrepresentations may be actionable.) *See also, Ciampi v. Ogden Chrysler Plymouth, Inc.*, 262 Ill. App. 3d 94, 111 (2nd Dist. 1994)("The Consumer Fraud Act eliminated the requirement of scienter; thus even innocent misrepresentations are actionable as statutory fraud. The standard of proof required on such claims is lenient, and a single transaction is sufficient to establish a Consumer Fraud Act claim.")(internal citations omitted).

2

not generally a defense to be unaware of the law's requirements.[6] Wal-Mart is therefore presumed to know the law, which prohibits turning over an employee's wages absent a court order.[7] Were this not enough, even the form of the wage garnishments sent to Wal-Mart warned that its employees' wages should not be turned over absent a court order.[8] Faced with imputed knowledge and actual notice of the law, Defendants' misrepresentations are inexcusable.

## II. Facts Plead

The facts of this case are simple -- Plaintiff Pamela G. Cowart's wages were improperly given to a third party by Wal-Mart when (1) she did not owe the debt at issue, and (2) there was no court order authorizing the transfer. In fact, it was a woman named Pamela **Ann** Cowart-Ziegler -- not the Plaintiff in this case -- that owed money on a judgment. Co-defendant Axelrod and Associates served a Citation to Discover Assets on Plaintiff's employer, Wal-Mart. In response to the citation, and without waiting for a court order, Wal-Mart turned over Plaintiff's wages to Axelrod's office. Plaintiff believes that Wal-Mart regularly turns over its employees wages to third parties without the authority of a court order.

Plaintiff's complaint explains that this practice violates Section 2 of the ICFA.[9] Wal-Mart's motion to dismiss Plaintiff's complaint suffers from two fundamental flaws. First, Wal-Mart ignores the fact that the ICFA prohibits unfair <u>or</u> deceptive practices and its unlawful practices fall under both of these categories. Defendants only argue the deception prong of the

---

[6] "Every citizen is presumed to know the law thus declared, and it needs no argument to show that justice requires that all should have free access to the opinions, and that it is against sound public policy to prevent this, or to suppress and keep from the earliest knowledge of the public the statutes or the decisions and opinions of the justices." *Nash v. Lathrop*, 142 Mass. 29, 6 N.E. 559 (1886).

[7] *See* 735 ILCS 5/12-808.

[8] *See* <u>Exhibit C</u>, a copy of the wage citation form. The form is also attached to Plaintiff's complaint.

[9] *See* Compl. at ¶¶ 72-73.

3

ICFA, ignoring the unfairness prong. Second, Wal-Mart ignores that the "who, what, when, and where" of its fraud are clearly stated in the complaint. Therefore, Plaintiff's ICFA claims are not subject to dismissal under Rule 12(b)(6).

## III. Giving Away An Employee's Wages Without Authority Is An Unfair Practice and Misrepresenting That Such Authority Exists Is A Deceptive Act

As set forth in Section 2 of the Act,

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965 [815 ILCS 510/2], in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5 (a) of the Federal Trade Commission Act [15 U.S.C. §45].

This language makes clear that, (1) unfair or deceptive practices are unlawful, (2) actual deception of the plaintiff is not required, and (3) FTC guidelines are to be given consideration in determining what types of acts are prohibited under the Act. It is a basic precept of statutory construction that it is the language of the statute itself that governs.[10] Wal-Mart cannot rewrite the ICFA to reflect that only claims of deception are actionable. As the Illinois Supreme Court emphasized in *Robinson v. Toyota Motor Credit Corporation*, recovery may be had for unfair as

---

[10] *See Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992)("We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there.") The first rule of statutory construction is that a court must apply the plain meaning of a statute as written. *See Matter of Udell*, 18 F.3d 403, 410 n. 1 (7th Cir. 1994)(Flaum, J., concurring).

4

well as deceptive conduct.[11] Thus, because Plaintiff's complaint alleges conduct that is unfair, in addition to being deceptive, her ICFA claim must stand.

Plaintiff's complaint and accompanying exhibits explain how Wal-Mart's garnishment practice violates the above ICFA section because, in the course of Illinois trade and commerce, Wal-Mart unfairly turned over its employees' wages without legal authority and deceptively misrepresented, through its conduct, that it had such authority. Under the wage garnishment procedures established in Illinois, to remit payment of wages to creditors, one must have a court order. Defendant's conduct and misrepresentations proximately caused Plaintiff and the proposed class members to incur damage in the form of lost use of their wages. By falsely representing that it had the right under law to turn over the wages of Plaintiff and the proposed class members, Wal-Mart committed a deceptive and unfair act.

### A. The Unfairness Standard

Wal-Mart engaged in unfair business practices with respect to Plaintiff and the members of the proposed class, as set forth in Count IV of the complaint, by turning over its employees' wages to creditors and/or creditors' attorneys without court authorization.

#### *1. Enumerated public policies give rise to an inference of unfairness*

Under the ICFA, in determining whether an act or course of conduct is unfair, courts look to the factors considered by the Federal Trade Commission in measuring unfairness.[12] Namely, whether the practice offends public policy, whether it is immoral, unethical, oppressive or unscrupulous, and whether it causes substantial injury to consumers.[13]

---

[11] 201 Ill. 2d 403, 417 (2002).

[12] *FTC v. Sperry & Hutchinson Co.*, 405 U.S. 233, 244 (1972).

[13] 201 Ill. 2d 403 at 417-18. All three factors need not be met for a practice to be classified as unfair because the unfairness standard may be met "because of the degree to which it meets one of the

5

In spite of enumerated statutory regulations, which highlight the public policy of the State of Illinois for wage garnishment procedures, Wal-Mart (1) failed to hold the wages targeted for garnishment pending an order of court, and (2) improperly remitted the wages to the creditor upon mere receipt of a citation notice, which itself warned not to turn over funds absent a court order. By noting Wal-Mart's lack of compliance with 735 ILCS 5/12-808(b) and (e), Plaintiff is able to extinguish the only defense Wal-Mart would have for its actions; namely, compliance with the wage garnishment provisions of the State of Illinois. It also demonstrates the unscrupulous nature of Wal-Mart's procedures and evidences the Illinois legislature's recognition that wage garnishment procedures be codified and regulated in the WGP. These allegations evidencing unfairness are necessary for proper pleading of an ICFA claim. Thus, Defendants' argument that Plaintiff's ICFA claim is premised upon on a violation of the WGP misses the mark. Rather, Wal-Mart's conduct by itself is unfair. Wal-Mart's lack of compliance with the WGP means that Wal-Mart cannot argue compliance as a defense to what would otherwise be an unfair practice in violation of the ICFA.[14]

### 2. *Although innocent conduct is actionable under the ICFA, Wal-Mart's conduct was intentional or at best, reckless*

Exhibits B and C to the complaint demonstrate that Wal-Mart had actual notice that it was turning over employee wages illegally. The citation notice itself reminds Wal-Mart that no wages may be remitted to the creditor until a court order is entered because the employee has the right to assert statutory exemptions against certain income or assets or, in Plaintiff's case, dispute that the debt is even hers to pay. This notice echoes the due process standards

---

criteria or because to a lesser extent it meets all three." *Id.*, citing *Cheshire Mortgage Services, Inc., v. Montes*, 223 Conn. 80, 106 (Conn. 1992).

[14] *See Weatherman v. Gary-Wheaton Bank of Fox Valley, N.A.*, 186 Ill. 2d 472, 480 (1999)(Defendant's compliance with federal law rendered it exempt from liability under the ICFA because actions specifically authorized by the federal statute also satisfied the state fraud statute.)

6

established in the wage garnishment statute. Exhibit C states that the amount to be withheld from the paycheck is not to be disbursed until further order of court. Plaintiff plead that Wal-Mart disregarded both these notices, giving rise to a violation of the ICFA's prohibition against unfair business practices that violate the public policy of Illinois, cause harm to consumers generally, and reflect an immoral, oppressive or unscrupulous policy.

Given the discrepancy between Defendants' practices and what is actually allowed for under the law, the ICFA test for unfairness is clearly met or, at minimum, is an issue of fact for the jury to decide. Their motion to dismiss Count IV should therefore be denied.

### B. Wal-Mart's Deception

Wal-Mart also committed a deceptive practice under the ICFA. Wal-Mart deceptively and fraudulently represented to Plaintiff, by its actions, that it had the authority to turn over her wages to a third party.

In Count IV of her complaint, Plaintiff establishes all of the requisite facts for an allegation of consumer fraud: the person making the false representation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated.[15] In other words, Plaintiff plead the "who, what, when and where of the alleged fraud." The complaint explains that Sam's Club, by its garnishment clerk and payroll manager in the payroll department, ("who" and "where") turned over Plaintiff's wages to her alleged judgment creditor without a court order ("what"), beginning on October 19, 2002 upon the receipt of a Citation to Discover Assets ("when").[16] These actions constitute a deceptive representation, and thus a violation of the ICFA, because Wal-Mart in fact had no right to turn

---

[15] *See UniQuality, Inc. v. Infotronix, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992).

[16] *See* Compl. at ¶¶ 12, 72, 73 and Group Exhibit C attached thereto.

7

over Plaintiff's wages. Not only did she not owe the alleged debt but also, there was no court order allowing the wages to be withheld and remitted.

Defendants' statements that no facts were plead to meet the elements of an ICFA claim thus lack any merit and their motion to dismiss for failure to state a claim must be denied. The facts as plead could reasonably be found by a jury to state a claim for deceptive and unfair conduct, especially when compared to the procedures the Illinois legislature has prescribed to ensure fairness.

### IV. Conclusion

For the foregoing reasons, Plaintiff respectfully requests that Wal-Mart Stores, Inc. and Sam's Club West, Inc.'s motion to dismiss her claim under the Illinois Consumer Fraud Act be denied in its entirety, with prejudice.

Respectfully Submitted,

By: _____
One of Plaintiff's Attorneys

Lance A. Raphael
Stacy M. Bardo
Saulius V. Modestas
The Consumer Advocacy Center, P.C.
180 West Washington, Suite 700
Chicago, IL 60602
(312) 782-5808

# EXHIBIT A

County of Benton ) SSN 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
State of Arkansas )

Dolly Vole

vs.

Pamela A. Cowart    NO. CU Len 1512

Wal*Mart Stores, Inc.

PLAINTIFF
DEFENDANT
GARNISHEE

## ANSWERS OF GARNISHEE

Comes Wal*Mart Stores, Inc., through Diana McChristian, Payroll Manager,
And for its Answer to the allegations and interrogatories directed against it filed by Plaintiff,
_____, States:

1) On the date and at the time of service of the Writ of Garnishment to which said allegations and interrogatories were annexed, Garnishee, Wal*Mart Stores, Inc., was indebted to Defendant, in the amount of $_____, for current wages as follows:

   1. Gross Wages Due:                                          $_____ (bi-weekly)
   2. Less deductions required by law:
      A. Federal Withholding Tax                                (_____)
      B. F.I.C.A. Withholding                                   (_____)
      C. State Income Tax Withholding                           (_____)
   3. Net Disposable Earnings                                   _____
   4. Amount not exempt:
      A. ¼ of net disposable earnings                           $_____
      B. Net disposable earnings less $309.00                   _____
      C. _____ Determined by the court
      amount subject to garnishment is the lessor
      amount of either 4A or 4B.
   5. Amount being held subject to Court order,
      Or paid to court herewith: Enter the lessor
      of either 4A or 4B.                                       _____

2) the info you have provided is for a
   Pamela B. Cowart, in our System.
   Please verify of this is correct. Thank you.

Axelrod + Greenblatt
1448 Old Skokie Rd
Highland Park, IL
60035

Respectfully submitted,

Diana McChristian

Wal*Mart Stores, Inc.,
Diana McChristian
Payroll Manager
P.O. Box 82
Bentonville, AR 72712-0082

On 11/22/0_ cames before me, a Notary Public for the County and State aforementioned, Wal*Mart Stores, Inc., Garnishee herein, by their representative Diana McChristian, Payroll Manager, and subscribed to this document, swearing under oath that the information set forth in the foregoing answer of Garnishee is true and correct to the best of its knowledge, information, and belief.

[Notary seal: JOETTA AMES NOTARY PUBLIC BENTON COUNTY My Comm. Exp. March 1, 2011]

Joetta Ames, Notary Public

# EXHIBIT B

JUL-02-2003 11:24 PM                                                                    P.16

```
AXELROD & GREENBLATT                FIRST BANK OF HIGHLAND PARK           1254
    OPERATING ACCOUNT                   1835 FIRST STREET
1448 OLD SKOKIE ROAD  PH. 847-579-9700  HIGHLAND PARK, IL 60035-0435      70-2260/719
    HIGHLAND PARK, IL 60035
                                                         Date    3/3/2003
PAY TO
THE ORDER                                                   $  **356.48
OF    Pamela A. Cowart                                                    DOLLARS
      Three Hundred Fifty-Six and 48/100**********************************

                                                         R~/

  ⑈071922609⑈    ⑈194⑈206⑈9⑈  1254
```

# EXHIBIT C

**STATE OF ILLINOIS**
**IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT**
**LAKE COUNTY**
**CITATION NOTICE**

**Dolly Vole**
Plaintiff - Judgment Creditor

vs.

No. 00 LM 1512
Citation Return Date 9/9/02
Time 09:00 am

**FILED**
AUG 05 2002
by ℒ Coffitt
CIRCUIT CLERK

**Pamela A. Cowart**
Defendant - Judgment Debtor

Judgment Creditor's Attorney
Name: Axelrod & Greenblatt
Address: 1448 Old Skokie Road
City: Highland Park, IL 60035
Phone: 847-579-9700

Judgment Debtor
Name: Pamela A. Cowart
Address: 37120 Sistina
Lake Villa IL 60046

Judgment in the amount of $4137.50 PLUS COSTS.
Respondent: Wal-Mart Stores, Inc. d/b/a Sam's Club

**NOTICE:** The Court has issued a Citation to Discover Assets against the Respondent named. The Citation directs the Respondent to appear in court to be examined for the purpose of allowing the judgment creditor to discover income and assets belonging to the judgment debtor or in which the judgment debtor has an interest. The Citation was issued on the basis of a judgment against the judgment debtor in favor of the judgment creditor in the amount stated above. On or after the court date shown above, the court may compel the application of any discovered income or assets toward payment on the judgment.

The amount of income or assets that may be applied toward the judgment is limited by Federal and Illinois law. THE JUDGMENT DEBTOR HAS THE RIGHT TO ASSERT STATUTORY EXEMPTIONS AGAINST CERTAIN INCOME OR ASSETS OF THE JUDGMENT DEBTOR WHICH MAY NOT BE USED TO SATISFY THE JUDGMENT IN THE AMOUNT STATED ABOVE:

1. Under Illinois or Federal Law, the exemptions of personal property owned by the debtor include the debtor's equity interest, not to exceed $2,000 in value, in any personal property as chosen by the debtor;
2. Social Security and SSI benefits;
3. Public assistance benefits;
4. Unemployment compensation benefits;
5. Workers' compensation benefits;
6. Veterans' benefits;
7. Circuit breaker property tax relief benefits;
8. The debtor's equity interest, not to exceed $1,200 in value, in any one motor vehicle;
9. The debtor's equity interest, not to exceed $750 in value, in any implements, professional books or tools of the trade of the debtor.
10. Under Illinois law every person is entitled to an estate in homestead, when it is owned and occupied as a residence, to the extent in value of $7,500, which homestead is exempt from judgment.
11. Under Illinois Law, the amount of wages that applied toward a judgment is limited to the lessor of (i) 15% of gross weekly wages or (ii) the amount by which disposable earnings for a week exceed the total of 45 times the Federal minimum hourly wage.
12. Under Federal Law, the amount of wages that may be applied toward a judgment is limited to the lessor of (i) 25% of disposable earnings for a week or (ii) the amount by which disposable earnings for a week exceed 30 times the Federal minimum hourly wage.
13. Pension and retirement benefits and refunds may be claimed as exempt under Illinois law.
The judgment debtor may have other possible exceptions under the law.

THE JUDGMENT DEBTOR HAS THE RIGHT AT THE CITATION HEARING TO DECLARE EXEMPT CERTAIN INCOME OR ASSETS OR BOTH. The judgment debtor also has the right to seek declaration at an earlier date, by notifying the clerk in writing at the office of the Clerk of the Circuit Court, 18 N. County Street, Waukegan, Illinois 60085. When so notified, the Clerk of the Circuit Court will provide a hearing date and the necessary forms that must be prepared by the judgment debtor or the judgment debtor's attorney and sent to the judgment creditor regarding the time and location of the hearing.

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT

**EXHIBIT**
"B"

## INTERROGATORIES / ANSWER TO WAGE DEDUCTION PROCEEDINGS

Citation Respondent (Employer) __Wal-Mart Stores, Inc.__ certifies under penalty of perjury that the following Answer is true and correct to the best of her/his knowledge and belief concerning the property of the judgment debtor: __DOLLY UOLE__

| | | | |
|---|---|---|---|
| Debtor Name: | PAMELA G COWART | Case Number: | 00 LM 1512 |
| Social Security No.: | 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 | One Pay Period equals 14 | Day(s): 2 Week(s) |

Do you pay monies to the judgment debtor listed above?   (Yes)   Wages / Paid Bi-Weekly   No _____

State whether any funds paid to the debtor are for retirement or are in any other way exempt or subject to other court order: __N/A__

### CALCULATE TO DETERMINE AMOUNT OF WITHHOLDING:

(A) Gross Wages minus mandatory contribution to pension or retirement plans is:  (A) __$702.34__
(BI-WEEKLY AMOUNT)

**METHOD I**
(B) 15% of All Gross Earnings =   (B) __$105.35__

**METHOD II**
(Calculate Method II only of Gross Wages at (A) are less than $240.00; otherwise skip to (G))

(C) Enter Total FICA, (State Tax, Federal Tax, & Medicare)   (C) __($146.39)__

(D) Subtract (C) from (A) =   (D) __$555.95__

(E) Enter minimum wage per pay period (45 X $5.15 per week)   (E) __$463.50__

(F) Subtract (E) from (D)   (F) __$92.45__

(G) Enter Line (B) or if Method II applies, the Lessor of (B) or (F)   (G) __$92.45__

(H) Enter Child Support or other court ordered deduction   (H) __$0.00__

(I) Subtract (H) from (G)   (I) __$92.45__
LINE I IS THE AMOUNT TO BE WITHHELD FROM THE EMPLOYER'S PAYCHECK AND NOT DISBURSED UNTIL FURTHER ORDER OF COURT.

### INSTRUCTIONS

1 FAX OR MAIL A COPY OF THIS ANSWER TO THE COURT AND ATTORNEY FOR PLAINTIFF AND GIVE TO THE DEFENDANT.
2 YOU WILL RECEIVES A COPY OF A COURT ORDER BY FAX OR MAIL INSTRUCTING YOU HOW TO PROCEED AND WHERE TO SEND DEDUCTED FUNDS.

Employer Signature _____   Date _____

Employer Rep.: Maricarmen F-S, Garnishment Clerk
Employer Name: Wal-Mart Payroll Department
Employer Address: P O Box 82
Bentonville, AR 72712-0139
Phone: (479) 273-4393
Fax: (479) 277-1604

Clerk of the Circuit Court

LAKE COUNTY CIRCUIT COURT
Court Name and County

Street Address

City, State Zip

Signed and sworn to before me
__October 30th__, 20 __02__
_Melissa Graves_
Signature

MELISSA GRAVES
NOTARY PUBLIC-STATE OF ARKANSAS
BENTON COUNTY
My Commission Expires Aug. 10, 2012