Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche Manning | Sitting Judge if Other than Assigned Judge | Martin C. Ashman |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5341 | **DATE** | 4/26/2004 |
| **CASE TITLE** | Pamela G. Cowart vs. David J. Axelrod & Associates, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter memorandum opinion and order. Plaintiff's motion for leave to file an amended complaint [26-1] is granted. Plaintiff is ordered to file the amended complaint within ten days of the date of this order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 3 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | APR 27 2004 date docketed | |
| | Notified counsel by telephone. | | | 28 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 4/26/2004 date mailed notice | |
| IS | courtroom deputy's initials | Date/time received in central Clerk's Office | IS mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | |
|---|---|
| PAMELA G. COWART, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) Case No. 03 C 5341 ) |
| v. | ) Judge Blanche M. Manning ) |
| DAVID J. AXELROD & ASSOCIATES, f/k/a AXELROD & GREENBLATT, DAVID J. AXELROD, individually, WAL-MART STORES, INC., and SAM'S CLUB WEST, INC., d/b/a SAM'S CLUB, | ) Magistrate Judge ) Martin C. Ashman ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Pamela G. Cowart, seeks to leave to file an amended complaint.[1] For the reasons set forth below, the Court finds that Plaintiff's motion should be granted.

### I. Background

In August of 2003, Plaintiff filed a complaint against Defendants David J. Axelrod & Associates, f/k/a Axelrod & Greenblatt, and David J. Axelrod (collectively "Axelrod") alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.* ("ICFA"). Included in the complaint was one count against Defendants Wal-Mart Stores, Inc., and Sam's

---

[1] This matter comes before this Court pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.1.



Club West, Inc., d/b/a/ Sam's Club (collectively "Wal-Mart") alleging violations of the ICFA. Plaintiff's complaint stemmed from Axelrod's efforts to collect a debt not owed by her and Wal-Mart's actions in allegedly improperly turning over Plaintiff's wages to the judgment creditor before the issuance of a court order in contravention of 735 ILCS 5/12-808 of the Illinois Wage Deduction Act.

Wal-Mart responded to the complaint in October 2003 by filing a motion to dismiss. After the motion was fully briefed, Judge Manning granted Wal-Mart's motion to dismiss with prejudice on February 20, 2004. Wal-Mart ceased work on the discovery requests that it had been preparing to serve on Plaintiff. Plaintiff did not seek further discovery from Wal-Mart after the motion to dismiss was granted but did send it copies of deposition notices pertaining to the other defendants.

Approximately six weeks after Wal-Mart's motion to dismiss was granted, Plaintiff filed a motion for leave to file an amended complaint against Wal-Mart, alleging common law wrongful garnishment and conversion. The motion was filed eighteen business days before the close of fact discovery scheduled for April 30, 2004. The deadline for filing dispositive and Daubert motions is November 12, 2004.

## II. Discussion

Pursuant to Federal Rule of Civil Procedure 15(a), a party may amend a complaint after a responsive pleading has been filed only with leave of court. Rule 15(a) further instructs that "leave shall be freely given when justice so requires," and therefore leave to amend a complaint is generally liberally granted, *Murphy v. Vill. of Hoffman Estates*, 959 F. Supp. 901, 904 (N.D.

Ill. 1997). Nevertheless, the court may deny leave to amend where there exists "undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile." *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001). The discretion to grant or deny a motion to amend remains with the trial court. *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991). Wal-Mart objects to the motion to amend on the grounds that Plaintiff had no excuse for its delay in filing the motion, Wal-Mart would be unfairly prejudiced by the amendment, and that the proposed amendment would be futile.

### A. Undue Delay and Prejudice

Wal-Mart argues that Plaintiff does not sufficiently explain its failure to add the two new claims at an earlier date. The facts on which Plaintiff bases the two new claims were known to Plaintiff when she filed the original complaint and the new claims are not newly discovered. It also points out that Plaintiff could have filed a motion to amend the complaint when the motion to dismiss was filed instead of participating in an extensive briefing schedule. Wal-Mart further argues that it has been unfairly prejudiced by the proposed amendment because fact discovery is closing at the end of April.

The longer the delay in seeking leave to amend, the greater the presumption against granting it. *Tamari v. Bache & Co. (Lebanon) S.A.L.*, 838 F.2d 904, 909 (7th Cir. 1988). While the court will consider delay as one factor when deciding whether to grant a motion to amend, it must also find that the non-movant has suffered undue prejudice. *King v. Cooke*, 26 F.3d 720, 723-24 (7th Cir. 1994); *Stone Container Corp. v. Arkwright Mut. Ins. Co.*, No. 93 C 6626, 1996 WL 238904, at *3-4 (N.D. Ill. May 2, 1996) (holding that even if the plaintiff did not provide a

sufficient explanation for the delay, an amendment may still be allowed unless it burdens or causes undue prejudice to the defendant).

In this case, we find that Plaintiff has not unduly delayed in seeking to amend the complaint. Plaintiff's counsel indicated in oral argument that he needed time to draft the motion and amended complaint after the motion to dismiss was granted, indicating that the motion to amend would not have been filed had the motion to dismiss not been granted. While the drafting of the very brief motion and the amended complaint should not have taken an inordinately lengthy amount of time, we find that six weeks in this context does not constitute undue delay. We also note that this case had been pending only for approximately eight months when Plaintiff filed the motion to amend. And, while Plaintiff's explanation of the delay in failing to include the two new counts in the original complaint remains somewhat lacking, the Court may still, at its discretion, allow the amendment unless it would cause undue prejudice to Wal-Mart.

Wal-Mart's claims of prejudice center around the imminent close of discovery. It suggests that Plaintiff should have filed the motion to amend more quickly after the motion to dismiss was decided. However, given that the motion to dismiss was granted at the end of February, Plaintiff would have been hard pressed to file the motion to amend at an early enough date to allow time for a ruling before Wal-Mart would need to serve its discovery requests to be answered before the close of discovery. In other words, even if Plaintiff filed the motion to amend the day after the motion to dismiss was decided, Wal-Mart would still be constrained by the discovery deadline. Wal-Mart also suggests that the motion to amend should have been filed when the motion to dismiss was filed. This argument assumes that Plaintiff would have been willing to concede defeat in its opposition of the motion to dismiss, a position that she was

understandably unwilling to assume. Nevertheless, Plaintiff could have included the claims in the original complaint, or filed the motion to amend at any time while the motion to dismiss was pending. The question remains, how did Plaintiff's failure to amend at an earlier time prejudice Wal-Mart. Wal-Mart returns to its argument that it is prejudiced by the close of discovery, but it does not quantify the amount of additional discovery that needs to be completed in relation to the new claims. Wal-Mart has not identified evidence or witnesses lost during the passage of time.

Almost every amendment to a complaint will result in some prejudice to the defendant. *Bell v. Am. Med. Ass'n*, 00 C 0573, 2000 WL 1367946, at *2 (N.D. Ill. Sept. 15, 2000). The question is whether the prejudice is undue. *Id.* In this case, the prejudice to Wal-Mart resulting from the amendment does not meet this threshold. Plaintiff does not object to an extension of the discovery deadline. This case is fairly straightforward, and Wal-Mart should not need substantially more discovery time to defend against the new claims especially because it recognizes that the facts are similar to those set forth in the dismissed ICFA count. As discussed by the Court in oral argument, an extension of discovery will alleviate nearly all of the prejudice that Wal-Mart may suffer because of the amendment. Given the policy behind Rule 15(a) that cases should be decided on their merits, we find Wal-Mart's arguments of undue delay and prejudice to be unpersuasive.

### B. Futile Amendment

Wal-Mart further argues that the proposed amendment would be futile. A futile amendment is one which fails to state a valid theory for liability. *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992). We will discuss each count in turn.

Wal-Mart argues that amended Count V fails because there is no common law cause of action for wrongful wage deduction under Illinois law. As all the cases cited by Plaintiff point out, garnishment is a statutory proceeding, the limits of which are delineated by the statute. *See e.g. First Fin. Co. v. Pellum*, 338 N.E.2d 876, 879 (Ill. 1975) ("A wage-deduction proceeding is an action in garnishment, a statutory proceeding unknown to the common law."); *Powell v. Prudence Mut. Cas. Co.*, 232 N.E.2d 155, 157-58 (Ill. App. Ct. 1967) (holding that garnishment is "a purely statutory proceeding unknown to the common law" and must be strictly construed to forbid a cause of action against a liability insurer where not expressly provided for under the statute). A garnishment proceeding is an additional step in the original action for judgment. *Seidmon v. Harris*, 526 N.E.2d 543, 545 (Ill. App. Ct. 1988). The cases cited by Wal-Mart all interpret the garnishment statute in the context of garnishment proceedings brought under the statute. Such is not the case in this matter. Plaintiff obviously is not initiating a statutory garnishment proceeding. Instead, she has initiated a new action against Wal-Mart based on Wal-Mart's withholding of her wages and remitting them to the judgment creditor without a court order in the separate earlier matter. A common law action for wrongful garnishment is recognized under Illinois law distinct from the garnishment statute. *Neri v. J.I. Case Co.*, 566 N.E.2d 16, 18 (Ill. App. Ct. 1991). Wal-Mart has not cited any cases holding that an action for wrongful wage deduction is not allowed. We hesitate to find at this juncture in the case that a common law action for wrongful wage deduction does not exist absent clear authority to the contrary.

Wal-Mart next argues that amended Count VI for conversion fails because Plaintiff cannot show the essential element for a conversion claim that she had a right to immediate possession of the property. *See Colonial Funding, LLC v. Am. Empire Surplus Lines Ins. Co.*, 719 N.E.2d 1098, 1100 (Ill. App. Ct. 1999). Wal-Mart asserts that upon receipt of the citation to discover assets it had the duty to start deducting a portion of Plaintiff's wages. *See In re Andres*, 212 B.R. 306, 309 n.1 (Bankr. N.D. Ill. 1997) (after a wage deduction notice is served on the employer, it must begin deducting a portion of the wages). Plaintiff responds that Wal-Mart did not have the right to withhold her wages, as the citation named a different person–someone with the same first and last name, but a different middle name. She was therefore entitled to immediate possession of the wages. Furthermore, Plaintiff alleges that without a court order, Wal-Mart did not have the right to deduct any wages regardless of the name or social security number on the citation. Plaintiff also asserts that Wal-Mart knew that it was withholding wages of the wrong person and improperly turned a portion of the wages over to the judgment creditor. Clearly legal and factual issues preclude a finding that the amendment to add a conversion claim would be futile.

The Court therefore finds that Plaintiff did not unduly delay in seeking the amendment, Wal-Mart will not be unduly prejudiced by the amendment, and the amendment is not futile.

## III. Conclusion

For the above reasons, Plaintiff's Motion for Leave to File an Amended Complaint is granted. Plaintiff is ordered to file the amended complaint within ten days of the date of this order.

**ENTER ORDER:**

*/s/ Martin C. Ashman*
**MARTIN C. ASHMAN**
United States Magistrate Judge

Dated: April 26, 2004.

Copies have been mailed to:

| | |
|---|---|
| LANCE A. RAPHAEL, Esq.<br>STACY M. BARDO, Esq.<br>ALLISON A. KRUMHORN, Esq.<br>The Consumer Advocacy Center, P.C.<br>180 West Washington Street<br>Suite 700<br>Chicago, IL 60602 | CHRISTOPHER MICKUS, Esq.<br>Neil, Gerber and Eisenberg<br>2 North LaSalle Street<br>Suite 2200<br>Chicago, IL 60602<br><br>RUTH A. BAHE-JACHNA, Esq.<br>MELISSA M. BIEN, Esq.<br>Greenberg Traurig, LLP<br>77 West Wacker Drive<br>Suite 2500<br>Chicago, IL 60601 |
| Attorney for Plaintiff | Attorneys for Defendants |